IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SYLVESTER DEON COLLINS,<br><br>            Petitioner<br><br>VS.<br><br>DONNIE THOMPSON, Warden,<br><br>            Respondent | NO.  3:09-CV-105 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

On August 25, 2009, petitioner Sylvester Deon Collins executed a petition seeking federal habeas corpus relief.  Tab #1.  Following service, respondent Donnie Thompson filed a response (Tab #7) and a motion seeking dismissal of the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d) (Tab #8).  Petitioner Collins was then ordered to respond to the motion seeking dismissal.  Tab #9.  On November 30, 2009, the petitioner filed his response.  Tab #11.  The motion is now ripe for review.

### LEGAL STANDARDS

The relevant provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of —*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## FACTUAL AND PROCEDURAL HISTORY

In June of 2002, in Athens-Clarke County, Georgia, petitioner Collins was convicted by a jury on three counts of rape, four counts of aggravated assault, three counts of kidnaping with bodily injury, two counts of burglary, and one count of criminal attempt to commit aggravated sodomy. He was initially sentenced to serve six consecutive life sentences without the possibility of parole as well an additional ninety (90) years consecutive to the life sentences. Subsequently, on July 2, 2002, he was re-sentenced and the "without the possibility of parole" condition was struck. Petitioner Collins directly appealed his convictions and sentences which were affirmed on June 14, 2004. *Collins v. State*, 267 Ga. App. 784, 600 S.E.2d 802 (2004).

*More than three years later*, on August 16, 2007, the petitioner filed a **state** habeas corpus petition in the Superior Court of Calhoun County, Georgia. An evidentiary hearing on this petition was held on April 4, 2008. In an order filed October 24, 2008, the **state** habeas corpus court denied relief. The Georgia Supreme Court denied the petitioner's subsequent application for a certificate of probable cause to appeal on March 10, 2009. On August 25, 2009, petitioner Collins executed the instant **federal** petition. The respondent then filed the instant motion seeking dismissal.

## DISCUSSION

In his response to the instant motion seeking dismissal, petitioner Collins began by conceding that the applicable one-year period of limitations expired prior to his filing of the instant **federal** petition. That fact notwithstanding, the petitioner urges the court to exercise discretion and consider the petition on the merits based on his assertion of actual innocence. Given the specific procedural posture of this case, the petitioner's request raises a unique, albeit unavailing, argument.

As noted above, the basis for the respondent's request for dismissal is one of timeliness. Pursuant to the above-cited provisions of the AEDPA, an untimely filed **federal** habeas corpus petition is, with *extremely limited exception*, barred from review in federal court. That said, one of the limited scenarios where relief from the strict operation of this threshold provision *may* be available involves the circumstance where a petitioner makes a showing of actual innocence.

Before reaching the question of whether or not a judicially-created actual innocence exception may be recognized, however, the claim of actual innocence must itself be evaluated. To do so, the court must first determine whether or not the petitioner pursued the claim with reasonable diligence and, if so, whether the claim is credible. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Majoy v. Roe*, 296 F.3d 770, 775–76 (9th Cir. 2002); *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Having completed a review of the petitioner's claim of innocence in accordance with the above guidelines, it appears unnecessary to further consider the issue of whether or not an exception to the operation of AEDPA's timeliness provision exists. This is because the gravamen of the petitioner's claim of actual innocence consists almost entirely of assertions of ineffective assistance of counsel. More specifically, petitioner Collins' strongest argument is his conclusory declaration that if his counsel had objected "as the State presented test results of a *positive match* of petitioner's blood samples and the alleged victims samples," the outcome of the trial may have been different. (*emphasis added*). In view of the fact that the petitioner's claim of innocence turns on the issue of whether or not his counsel made what now appears to be a poor, yet legally permissible, strategic choice, it is clear that, for purposes of this analysis, the claim must fail.

In view of the above, and upon a review of the entire record in this case, the arguments of the parties, and specifically the petitioner's concession that his **<u>federal</u>** petition was untimely, the undersigned has no choice but to **RECOMMEND** that the respondent's motion seeking dismissal be **GRANTED** and that the instant action be **DISMISSED** *with prejudice*.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST** **ADDRESS** provided by him.

**SO RECOMMENDED**, this 12th day of APRIL, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE